IN THE
TENTH COURT OF APPEALS
 

No. 10-01-182-CR

Â Â Â Â Â JAMAINE EDWARD LEWIS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 27,780
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

ABATEMENT ORDER
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Jamaine Edward Lewis has evidenced a desire to appeal his conviction by filing a pro se
notice of appeal with this Court. However, the record does not demonstrate that he has
knowingly and intelligently asserted his right to self-representation. See Faretta v. California,
422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975). In addition, we have
received neither the clerkâs record nor the reporterâs record. Our letters to Lewis at the
Navarro County Jail have been returned to us as undeliverable. A final letter sent to Jamaine
Edward Lewis, # 1041097, Polunsky Unit, 12002 FM 350 South, Livingston, Texas 77351,
was not returned to us.
Â Â Â Â Â Â A defendant has the Sixth Amendment right to represent himself in a criminal proceeding. 
Id. This right extends to self-representation on appeal. Ex parte Davis, 818 S.W.2d 64, 66
(Tex. Crim. App. 1991). Choosing self-representation must be an informed decision, both
knowingly and intelligently made and unequivocally asserted, and waiver of an indigent
defendantâs constitutional right to appointed counsel must appear on the record. Hathorn v.
State, 848 S.W.2d 101, 122-23 (Tex. Crim. App. 1992); Ex parte Davis, 818 S.W.2d at 66-68.
Â Â Â Â Â Â To insure that the defendant's assertion of his Sixth Amendment right is knowing and
intelligent, he must be admonished of the dangers of self-representation. See Ex parte Davis,
818 S.W.2d at 67. To this end, we will abate the appeal to allow the trial court to admonish
Lewis.
Â Â Â Â Â Â While there is no script or formula that the trial court must follow:
[a] trial judge is obliged to make an accused aware of the dangers and disadvantages
of [self-representation]; to illustrate to him . . . what an austere mistake he is about to
make; to tell him he will be bound by the law and given no special consideration or
assistance; to advise him his [self-representation] will be terminated should it be
manipulated so as to obstruct orderly procedure in the court or to interfere with the
fair administration of justice.

See id.
Â Â Â Â Â Â Should the trial court determine that Lewis does not desire to represent himself on appeal,
the court should make a determination as to whether he is indigent. If he is, then the trial
court must appoint counsel to represent him on appeal. See Douglas v. California, 372 U.S.
353, 357-58, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963); McCambridge v. State, 778 S.W.2d
70, 74 (Tex. Crim. App. 1989); Johnson v. State, 885 S.W.2d 641, 645 (Tex. App.âWaco
1994, pet. refâd).
Â Â Â Â Â Â The trial court should also inquire as to what arrangements Lewis has made to secure the
clerkâs record and the reporterâs record. If Lewis is indigent, these records should be 
provided at no cost to him.
Â Â Â Â Â Â We abate this appeal confident that an appropriate record will be made. See Ex parte
Davis, 818 S.W.2d at 67; Hubbard v. State, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). 
The record, including the court's findings and recommendations, is due with the clerk of this
Court within thirty days after the date of this order.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal abated
Order issued and filed January 23, 2002
Do not publish



le probability that he will prevail; and (2)Â in
the preceding seven-year period, he has commenced, prosecuted, or maintained in
propria persona at least five litigations other than in a small claims court
that have been (a)Â finally determined adversely to him;Â (b)Â pending
at least two years without having been brought to trial or hearing; or
(c)Â found to be frivolous or groundless.  Tex. Civ. Prac. & Rem. Code
Ann. Â§ 11.054(1)(A)-(C)
(Vernon 2002).Â  A
trial courtÂs vexatious
litigant finding is reviewed for abuse of discretion.Â  See Pandozy v. Beaty, 254
S.W.3d 613,Â 619 (Tex. App.ÂTexarkana 2008, no pet.).

Retaliation
Claim

Mullins alleges
that Sergeant Darrel Sutton
denied him access to a
disciplinary hearing for destruction of state property and Captain Hector Ortiz
found him guilty of such conduct in retaliation for being named in one of
MullinsÂs prior lawsuits.[2]

An inmate claiming retaliation must allege
facts or a chronology of events showing that the defendant acted in retaliation
against him for exercising a specific constitutional right.Â  See Johns v.
Johnson, No. 10-03-00388-CV, 2005 Tex. App. LEXIS 1500,Â at *7 (Tex. App.ÂWaco Feb. 23, 2005, no pet.) (mem. op.).Â  The claimantÂs personal belief that he
is a victim of retaliation is insufficient.Â  See Brewer v. Simental, 268 S.W.3d 763, 771 (Tex. App.ÂWaco
2008, no pet.).

Mullins has not alleged facts or a
chronology of events showing that Sutton acted in retaliation against him for
exercising a specific constitutional right.Â  The record indicates that Sutton
approached Mullins with the intent to escort him to the hearing.Â  He instructed
Mullins to shave.Â  See Tex. DepÂt
of Criminal Justice, Offender
Orientation Handbook 10 (Nov. 2004) (ÂMale offenders must be
clean-shaven.Â); see also Tex. DepÂt of Criminal Justice, Disciplinary Rules And Procedures For
Offenders 28 (Jan. 2005) (refusal
to comply with grooming standards violates TDCJ offender rules).Â  Mullins argues that no TDCJ policy requires
inmates to be clean-shaven before attending a disciplinary hearing.Â  However,
Â[o]ffenders charged with rule violations shall be present at their
disciplinary hearings unless their behavior immediately before or during the
hearing justifies their exclusionÂÂÂ  Disciplinary
Rules And Procedures For Offenders 12 (emphasis added).Â  Destroying
state property is a rule violation.Â  See id. at 27; see also
Offender Orientation Handbook 22.Â 
Only after Mullins refused to shave did Sutton refuse to escort him to the
hearing.[3]

Moreover, the disciplinary report
alleged that Mullins removed his shower bench from the wall and used the bench
to strike the cell door.Â  Although Mullins denies damaging any property, he
admits removing the shower bench, which was loose, and using the bench to
strike his cell door.Â  The bench had to be welded back to the wall.Â  MullinsÂs
inmate trust account was subject to seizure for damage to state property.Â  See
Offender Orientation Handbook 50.Â 
Mullins has not alleged facts or a chronology of events showing that Ortiz found
him guilty in retaliation against him for exercising a specific constitutional
right.Â  See Johns, 2005 Tex. App. LEXIS 1500,Â at *7. 

Other than MullinsÂs personal belief
that he was retaliated against, the record does not indicate that either Sutton
or Ortiz acted with retaliatory intent.Â  MullinsÂs affidavit of previous filings
does not even indicate that Sutton and Ortiz were parties to any of his suits.Â 
But for MullinsÂs own conduct, he would have attended the hearing and the
complained of incident would not have occurred.

Administrative Procedures Act Claim

In MullinsÂs first and second issues, he
maintains that he is entitled to relief under the Administrative Procedures
Act.Â  See Tex. GovÂt Code Ann.
Â§ 2001.171 (Vernon 2008) (ÂA person who has exhausted all administrative
remedies available within a state agency and who is aggrieved by a final
decision in a contested case is entitled to judicial review under this
chapter.Â).Â  However, the Act Âdoes not apply to a rule or internal procedure
of the Texas Department of Criminal Justice or Texas Board of Criminal Justice
that applies to an inmate or any other person under the custody or control of
the department or to an action taken under that rule or procedure.Â Â Tex. GovÂt Code Ann. Â§
2001.226Â (Vernon 2008); Harrison v. Tex. DepÂt of Crim. Justice,
164 S.W.3d 871, 875-76 (Tex. App.ÂCorpus Christi 2005, no pet.).

Due Process Claim

Mullins alleged that his due process
rights were violated when he was not allowed to attend the hearing.Â  When
assessing due process, we consider whether the individual Âpossess[es] a
protected interest to which due process protection was applicableÂ and was Âafforded
an appropriate level of process.Â Â Abdullah v. State, 211 S.W.3d 938, 942 n.7 (Tex.
App.ÂTexarkana 2007, no pet.)
(citing Copelin-Brown v. N. M. State
Personnel Office,
399 F.3d 1248, 1254 (10th Cir. 2005)).Â  

Although Mullins has a property interest
in his inmate trust account, he does not have an absolute due process right to attend a disciplinaryÂ hearing:

If a prisoner is unable to or refuses to
attend a disciplinary
hearing, due process requires not more than that the hearing be held in
accordance with all of the other requirements of due process that are called
for under the circumstances. Â Due process requires only that the government
operate under procedures that give a person a fair opportunity to ensure
that the governmental decision affecting that personÂs life, liberty or
property is just; it does not mean that the government, in an effort to make
sure that everyone does what is in his or her best interest, must see to it
that each person takes advantage of these opportunities.

Â 

Moody v. Miller, 864 F.2d 1178, 1181 (5th. Cir. 1989); Covarrubias v. State DepÂt of Crim.
Justice, 52 S.W.3d 318,Â 325-26Â (Tex. App.ÂCorpus Christi 2001, no pet.).

Despite his absence at the hearing, Mullins
was represented by a counsel substitute and a Ânot guiltyÂ plea was entered on
his behalf.Â  See Disciplinary Rules
And Procedures For Offenders 20.Â  TDCJÂs
disciplinary procedures provide that, after the hearing, the inmate must
receive a copy of the Âwritten
record of the hearing (Form I-47MA, Disciplinary Report and Hearing Record).ÂÂ  Id. at 14.Â  This information includes the Âpenalty imposed.ÂÂ  Id. at 15.Â  Mullins
was notified of the charges against him, the required hearing was conducted, and
he was found liable for destruction of state property.Â  He received the
required Form I-47MA, which advised him of the specific punishment assessed
against him. Â The proper procedures were followed and Mullins was Âafforded an
appropriate level of process.Â Â Wilson v. TDCJ-ID, 268 S.W.3d 756, 761 (Tex. App.ÂWaco 2008, no pet.) (quoting Abdullah, 211 S.W.3d at 942 n.7).

In summary, the record does not demonstrate a reasonable probability that Mullins
would have prevailed on his claims.

Lawsuits Filed in the Preceding Seven-Year
Period

Mullins has filed at least thirteen
lawsuits since 1996.Â  At least five suits were dismissed pursuant to Chapter 14
of the Civil Practice and Remedies Code, which governs frivolous filings by
inmates.Â  See Tex. Civ. Prac.
& Rem. Code Ann. Â§Â§
14.001-.014. (Vernon 2002).Â  Thus, in the seven years preceding the
current suit, Mullins has commenced, prosecuted, or maintained in propria
persona at least five litigations that have either been determined adversely to
him or determined to be frivolous or groundless.Â  Tex. Civ. Prac.
& Rem. Code Ann. Â§
11.054(1)(A), (C).

Because both prongs of section 11.054 are
met, the trial court did not abuse its discretion by finding Mullins to be
vexatious.Â  We overrule issues one and two.




NOTICE OF VEXATIOUS LITIGANT ORDER

Â Â Â Â Â Â Â Â Â Â Â  In issue three, Mullins
contends that the trial court violated his constitutional rights by failing to send
him a copy of its order finding him to be a vexatious litigant.[4]Â  

The trial court entered an order declaring Mullins a
vexatious litigant, ordering him to provide security, and stating that the
lawsuit would be dismissed should he fail to provide the security.Â  The record
does not indicate that this order was sent to Mullins.Â  However, Mullins received
actual notice of this order before he filed his amended notice of appeal on
July 1, 2008.Â  His lawsuit was not dismissed until May 4, 2009.[5]Â  He has had approximately ten monthsÂ
notice of the order.Â  Any due process concerns are satisfied.Â  See Finlan v.
Peavy, 205 S.W.3d 647,Â 654Â (Tex. App.ÂWaco 2006, no pet.) (Â[D]ue process requires
Ânotice reasonably
calculated, under all circumstances, to apprise interested
parties of the pendencyÂand afford them an opportunity to present their
objectionsÂ in a reasonable time and manner.Â); see also Dispensa v. Univ.
State Bank, 987 S.W.2d 923, 928 (Tex. App.ÂHouston [14th Dist.] 1999, no
pet.).Â  We overrule issue three.

Having overruled MullinsÂs three issues,
we affirm the trial courtÂs judgment.

Â Â Â Â Â Â Â Â Â Â Â  Â  

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed July 29, 2009

[CV06]

Â 

*Â Â Â Â Â Â Â Â Â Â  (Chief
Justice Gray concurs only in the judgment and only to the extent it affirms the
trial courtÂs dismissal of MullinsÂs suit upon the determination that he is a
vexatious litigant.Â  A separate opinion will not issue.)

Â 









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  Although MullinsÂs
complaint about the lack of a hearing is made in the context of his third issue,
we liberally construe issues raised in a pro se litigantÂs brief. Â See In the Interest of Baby Boy R., 191 S.W.3d 916, 921 (Tex. App.ÂDallas
2006, pet. denied).





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Mullins presents
several issues that were not raised in his Step 1 and Step 2 grievances: (1)
retaliation before and after the events giving rise to his lawsuit; i.e.,
deprivation of food, property, etc., destruction of his property, and
unauthorized shakedowns; (2) the counsel substituteÂs failure to contact him or
obtain his written statement and falsification of documents; (3) disciplinary
cases filed against him; and (4) lack of notice of the hearing or that the
hearing would be conducted in absentia.Â  He has not exhausted
administrative remedies as to these issues, and we will not address them. Â See
Wilson v. TDCJ-ID, 268 S.W.3d 756, 759 n.1 (Tex.
App.ÂWaco 2008, no pet.); see also Wolf v. Tex. Dep't of Crim.
Justice, 182
S.W.3d 449, 451 (Tex. App.ÂTexarkana 2006, pet. denied); Riddle v. TDCJ-ID, No. 13-05-00054-CV, 2006 Tex.
App. Lexis 1167, at *7 (Tex. App.ÂCorpus Christi Feb. 9, 2006, pet. denied)
(mem. op.). 

Â 





[3] Â Â Â Â Â Â Â Â Â Â Â Â Â  Mullins
also complains that Sutton lacked authority to exclude him from the hearing.Â 
MullinsÂs desire to attend the hearing was noted on the disciplinary report.Â 
He waived attendance by virtue of his refusal to comply with TDCJ grooming
standards.Â  His waiver was noted on the report and appears to have been
reviewed by Ortiz, the hearing officer, per TDCJ rules.Â  See Tex. DepÂt of Criminal Justice, Disciplinary Rules And Procedures For
Offenders 9 (Jan. 2005).





[4] Â Â Â Â Â Â Â Â Â Â Â Â Â  Mullins also complains
about the trial courtÂs refusal to rule on his motion for a temporary
restraining order and permanent injunction.Â  Given our disposition of issues
one and two, Mullins cannot establish the requirements for either temporary or
permanent injunctive relief.Â  See Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002); see also Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. AssÂn, 25
S.W.3d 845, 849 (Tex. App.ÂHouston [14th Dist.] 2000, pet. denied).

Â 





[5] Â Â Â Â Â Â Â Â Â Â Â Â Â  We abated this appeal so
that the trial court could sign a written order.