11th Court of Appeals
Eastland, Texas
Opinion
 
Mike Henry Herron
            Appellant
Vs.                  No. 11-03-00251-CR – Appeal from Harris County
State of Texas
            Appellee
 
            The jury convicted Mike Henry Herron of telephone harassment, and the trial court assessed
his punishment at confinement in the Harris County Jail for 3 days. We affirm.
            The record before this court consists of the clerk’s record and the reporter’s record. When
appellant’s brief was not filed by the January 12, 2004, due date, this court abated the appeal and
requested that the trial court conduct a hearing pursuant to TEX.R.APP.P. 38.8(b). As a result of
the Rule 38.8(b) hearing, the trial court has determined that appellant wishes to abandon his appeal. 
Therefore, the appeal will be submitted on the record alone. Rule 38.8(b).
            Harris County Deputy Suzanne Shinneman testified that she was dispatched as the result of
a 911 call early in the morning to the location of a possible disturbance. When she arrived at the
residence, Robert Pogany was standing in the driveway. Pogany identified himself and began to tell
Deputy Shinneman “his side of the disturbance.” They went inside the home where appellant
approached Deputy Shinneman and stated that he had made the 911 call and that he wanted to talk
to her first. Pogany stated that his nine-month-old baby woke up and was crying. As Pogany and
his wife were tending to their baby, appellant came into the room yelling that they must be sexually
abusing the baby because “that’s the only reason babies cry in the middle of the night.” Deputy
Shinneman stated that appellant became angry with her because he had to wait to tell his side of the
disagreement. She recognized appellant because she had been to the residence “a few times before.” 
            When Deputy Shinneman finished interviewing Pogany, appellant refused to talk to her. He
wanted to call 911 to get another officer. Two other officers arrived before appellant could call.
These officers had been dispatched at the same time as Deputy Shinneman.
            Appellant was angry. Deputy Shinneman left the room in hopes that appellant would talk
to the other officers. Although all three officers told him not to call 911 again, appellant called and
asked for a different officer to be sent.
            Appellant became mad at the other officers and refused to talk to them. One officer smiled
too much, and the other did not smile enough. Appellant claimed that they were hiding something
from him. Appellant told Deputy Shinneman that the Poganys were sexually abusing their baby and
their other children and that Mr. Pogany was prostituting his older three daughters.
            Appellant called 911 again and asked that different officers be sent out. The 911 operator
hung up on appellant, and he accused the three officers of being in a conspiracy with 911. Appellant 
told the officers that he was going to a “higher source,” looked up a number in a small notebook, and
called the F.B.I. and stated his complaint.
            Deputy Shinneman testified that, during this incident, the Poganys were calm, that their
children were polite, that the family was “more than willing to leave the residence,” and that they
just wanted some time to find a shelter. Appellant was angry and wanted the officers to “toss them
out on the doorstep right then.” Deputy Shinneman testified that, when appellant was informed that
it was against the law to repeatedly call 911 while the officers were present and there was no actual
emergency, appellant responded that he was an ordained minister and that “those rules did not apply
to him.”
            Deputy Shinneman testified that several times appellant said that his chest hurt. Each time
Deputy Shinneman would ask if he needed medical attention. Each time appellant refused.
            Traci Mullins testified that she was the audio records custodian for the Harris County
Sheriff’s Office. The record reflects that 911 calls were made from the residence at 4:53 or 4:55
a.m., at 5:09 a.m., and at 5:40 a.m.
            Lynn Del Castillo testified that she was appellant’s daughter and that she did not think he had
been abusive. Del Castillo stated that, when she got there, Pogany was “totally red-faced” and that
appellant was trying to stay calm.
            After reviewing the record in the light most favorable to the record, we find that a rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). The
evidence is legally sufficient to support the conviction.
            After reviewing all of the evidence in a neutral light, we have determined that the evidence
supporting guilt is not so weak as to render the conviction clearly wrong and manifestly unjust and
that the evidence supporting guilt is not so greatly outweighed by the overwhelming weight of
contrary evidence as to render the conviction clearly wrong and manifestly unjust. Vasquez v. State,
67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001);
Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). The evidence is factually
sufficient to support the conviction.
            Appellant was properly admonished and chose to represent himself. The record before this
court supports the trial court’s determination that appellant knowingly and intelligently chose to
waive his right to counsel and proceed pro se. Faretta v. California, 422 U.S. 806 (1975); Ex parte
Davis, 818 S.W.2d 64 (Tex.Cr.App.1991); Hubbard v. State, 739 S.W.2d 341 (Tex.Cr.App.1987);
Webb v. State, 533 S.W.2d 780 (Tex.Cr.App.1976). 
            The record does not reflect any reversible error. The judgment of the trial court is affirmed.
 
                                                                                    PER CURIAM
 
April 22, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.