**Ex parte Arthur James DAVIS.**

**No. 71220.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 23, 1991.

Arthur James Davis, attorney pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus relief filed pursuant to the provisions of Art. 11.07, V.A.C.C.P.

Applicant was convicted of the offense of aggravated robbery on May 3, 1989, and punishment, enhanced by proof of a prior felony conviction, was assessed at fifty years in the Texas Department of Corrections.[1] Upon sentencing, applicant requested of the trial court permission to proceed pro se on appeal; permission was denied by the trial judge. Subsequently, applicant requested of the Court of Appeals that his appointed counsel be dismissed and that he be allowed to submit a brief unaided by counsel. His request was, again, denied.

On direct appeal, applicant's attorney filed a brief raising three points of error challenging the conviction, *viz:* that the trial judge's denial without hearing of applicant's pro se pretrial motion challenging the array of the grand jury was error, that

the trial court erred in failing to hold a hearing on applicant's pro se motion to set aside the indictment, and that applicant was denied effective assistance of counsel at trial. The Court of Appeals, having refused applicant's request that appointed counsel be dismissed, reviewed the points raised by counsel.

Nonetheless, applicant filed a pro se brief in the Fourth Court of Appeals which he requested be considered in lieu of the brief submitted by his counsel. The Court of Appeals refused to consider applicant's brief stating that it would amount to hybrid representation, and affirmed applicant's conviction in an unpublished per curiam opinion. *Davis v. State,* No. 04–88–00374–CR (Tex.App.—San Antonio, delivered November 8, 1989, no pet.) Applicant did not petition this Court for review.

Applicant then filed a post-conviction writ of habeas corpus asserting five grounds for relief. Upon failure to act after the expiration of 20 days from the filing of the State's answer to applicant's petition, the judge of the convicting court found, as an operation of law, no controverted, previously unresolved facts. *See* Art. 11.07, § 2(c), V.A.C.C.P. This Court reviewed applicant's petition and found that this conclusion was not supported by the record. On May 9, 1990, we remanded the cause ordering the trial court to hold an evidentiary hearing to develop evidence on applicant's ground number five, to wit: that applicant was denied his right, under the Sixth Amendment to the United States Constitution, of self-representation.

On August 6, 1990, an evidentiary hearing was held in which the trial judge rendered findings of fact and conclusions of law. This Court, on March 6, 1991, ordered applicant's writ filed and set for submission on applicant's fifth allegation. We will grant the requested relief.

In his writ application, applicant contends that the effect of the decision of the Court of Appeals to accept only the brief of his unwanted counsel was to deny him his constitutional right to defend himself. He

---

**1.** Now the Texas Department of Criminal Justice, Institutional Division.

relies largely upon the decisions in *Webb v. State*, 533 S.W.2d 780 (Tex.Crim.App.1976) and *Hubbard v. State*, 739 S.W.2d 341 (Tex.Crim.App.1987) as support for this contention.

■ In *Webb*, this Court applied the reasoning of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and held that the right of an accused to reject the services of counsel and represent himself extends to the appellate process. However, the right of self-representation and choice of counsel cannot be used as subterfuge for the delay of orderly procedure in the courts or to interfere with the fair administration of justice. *Webb*, 533 S.W.2d at 786. Thus, an indigent's displeasure with appointed counsel is a matter which must timely be brought to the court's attention. *Hubbard*, 739 S.W.2d at 344.

In *Hubbard*, the appellant gave oral notice of appeal in open court and simultaneously informed the court of his inability to afford an attorney. 739 S.W.2d at 343. Counsel was appointed for appellant, and no complaint was registered. Because of delay and inaction on the part of his attorney, appellant later complained that he was being denied effective assistance of counsel in the prosecution of his appeal. The trial court initially found that appellant was neither being denied effective counsel nor his right of appeal. However, a second attorney was subsequently appointed to replace the first. The second attorney filed a brief in each of appellant's cases before the Court of Appeals.[2] Appellant, in disagreement with the grounds of error raised in counsel's briefs, filed a motion in the Court of Appeals asking permission to file a pro se supplemental brief. This motion was made prior to the filing of the State's response brief. The motion was denied, and appellant filed a motion to dismiss his attorney and set aside counsel's briefs. That motion was also denied. *Id.* at 343–344.

This Court reviewed the case and found that under the unusual facts of the case appellant timely asserted his right of self-representation. *Id.* at 345.

■ However, as *Hubbard* clearly established, timeliness is only the threshold issue to be examined in determining whether an appellant should be allowed to act pro se. A determination must also be made as to whether the appellant is making a competent and intelligent choice in choosing to proceed alone. *Id.* As we stated in *Hubbard*:

> ... [i]n order to competently and intelligently choose self-representation, the defendant should be made aware of the dangers and disadvantages of self-representation so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.' *Faretta*, supra [422 U.S.] at 835, 95 S.Ct. at 2541 [other cites omitted].

739 S.W.2d at 345 (citing to *Blankenship v. State*, 673 S.W.2d 578 (Tex.Crim.App. 1984)).

In this case, as previously noted, the convicting court was ordered to hold an evidentiary hearing to more fully develop facts relating to these issues. At that hearing, applicant was permitted to act pro se in the examination of witnesses. The convicting judge received testimony from applicant's respective trial and appellate attorneys. As a result of this testimony, the trial judge rendered findings of fact and conclusions of law[3] which established: 1.) that applicant filed motions with the trial court requesting self-representation on appeal; 2.) that these motions were timely; 3.) that the convicting court had failed to act on applicant's request; and 4.) that the necessary admonishments were never given.

At the close of the evidentiary hearing, the trial judge attempted to admonish ap-

---

**2.** Hubbard was convicted in two cases of delivery of a controlled substance and in one case of bribery.

**3.** The findings of facts and conclusions of law from that hearing were reduced into a "Supple-

mental Transcript" which consisted of a signed, photostatic copy of relevant portions of the certified shorthand reporter's notes on the evidentiary hearing.

plicant on the disadvantages of proceeding pro se. The following exchange occurred:

\*　　\*　　\*　　\*　　\*　　\*

"THE COURT: ... I never admonished you of the pitfalls of that type of self-representation *which I am not exactly certain as to what they are other than if you represent yourself on appeal you understand there are certain deadlines, certain dates, certain briefs, and certain things that you will have to comply with?* [emphasis added]

THE DEFENDANT: Yes, sir.

THE COURT: And, if you can represent yourself on appeal, you feel that you can do that, is that correct?

THE DEFENDANT: Yes, sir, I do, sir.

THE COURT: And do I understand that you do not want an attorney to help you in any way on any appeal you might prosecute?

THE DEFENDANT: No, sir, I don't want an attorney."

\*　　\*　　\*　　\*　　\*　　\*

■ It is not only necessary that admonishments be given to a defendant requesting self-representation, but that the defendant is adequately apprised of the dangers of foregoing counsel. There is no script which a judge must follow in warning the defendant, however, as this Court stated in *Blankenship:*

[t]his Court requires no formulaic questioning to establish a knowing and intelligent waiver nor will it author a script for courtroom recitation by trial judges faced with this dilemma. On the other hand, *Faretta* does not authorize trial judges across this state to sit idly by doling out enough legal rope for defendants to participate in impending courtroom suicide; rather, judges must take an active role in assessing the defendant's waiver of counsel.

"A judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right, does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which a plea is tendered."

673 S.W.2d at 583 (citing to *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309 (1948)).

As Judge Clinton suggested in his concurrence to the judgment of the Court in *Blankenship:*

[a] trial judge is obliged to make an accused aware of the dangers and disadvantages of selfrepresentation; to illustrate to him, as was done here, what an austere mistake he is about to make; to tell him he will be bound by the law and given no special consideration or assistance; to advise him his selfrepresentation will be terminated should it be manipulated so as to obstruct orderly procedure in the court or to interfere with the fair administration of justice, then allow him to proceed pro se.

*Id.* at 591–592 (Clinton, J. concurring).

Again, this Court is not suggesting that the trial judge follow a formula while giving the defendant admonishments. Indeed, the infinite variety and potential combinations of defendants and cases demand that the trial judge tailor his or her warnings to the individual receiving them.

■ In the instant case, the presiding judge at the evidentiary hearing attempted to admonish the applicant. However, the judge readily acknowledged that he was not exactly aware of what the dangers were; as such, any warning given would be deficient. Thus, applicant was not adequately admonished so as to knowingly and

intelligently waive his right to representation on appeal.

 The record reflects that applicant submitted a brief to the Court of Appeals with the intent that it, not his attorney's brief, be considered. Applicant had a constitutional right to direct the defense of his own case, and this included the right to submit a pro se brief on appeal, which he did. Unfortunately, neither the findings of fact produced at the evidentiary hearing nor the opinion of the Court of Appeals shed any light on the degree to which the Court of Appeals considered applicant's brief, if at all. The opinion of the Court of Appeals implies that, since a brief had already been filed (by counsel) and that, therefore, consideration of applicant's brief would amount to hybrid representation, the pro se brief was not considered. The court noted that:

> "[b]ecause there is no right to hybrid representation, appellant's pro se brief presents nothing for review. *Rudd v. State*, 616 S.W.2d 623, 625 (Tex.Crim. App.1981). The pro se brief presents no error that should be considered in the interests of justice."

*Davis v. State*, slip opinion at 7.

We conclude that applicant's brief was not considered by the Court of Appeals. Thus, in the interests of justice we grant applicant relief to the extent that, should applicant wish (after proper admonishments) to represent himself, the Court of Appeals is directed to consider his brief on appeal. The cause is remanded to the Court of Appeals for proceedings not inconsistent with this opinion.