Abdul-Malik v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-106-CR

     HUSSAIN ABDUL-MALIK,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 14,124
                                                                                                    

OPINION ON 
SUA SPONTE ABATEMENT OF APPEAL
                                                                                                    

      Hussain Abdul-Malik pled guilty to one count of retaliation and the court assessed the agreed
punishment of eight years' incarceration, to run consecutively to the punishment for aggravated
robbery for which he is currently imprisoned. Tex. Penal Code Ann. § 36.06 (Vernon 1994). 
He filed a notice of appeal shortly after the trial. Although the transcript was filed on June 3, no
statement of facts followed. On September 20 our clerk notified him that the statement of facts
had not been timely filed and that, absent a motion for an extension of time to file the statement
of facts, we would consider the appeal on the transcript alone.


 Tex. R. App. P. 53(m). In the
same letter, he was given thirty days to file the brief. No brief has yet been filed.
      Therefore, this appeal is abated and the trial court instructed to conduct a hearing to
determine: (1) why a statement of facts has not been filed; (2) whether Abdul-Malik desires to
proceed with the appeal; (3) whether Abdul-Malik is now indigent; and (4), if Abdul-Malik is not
indigent, whether he has failed to make necessary arrangements for filing a brief. Id. 53(m),
74(l)(2), 83. If Abdul-Malik no longer wishes to pursue an appeal, he must sign and file a motion
to dismiss, expressly requesting withdrawal of his notice of appeal and dismissal of this
proceeding. Id. 59(b).
      If Abdul-Malik is indigent, the trial court shall take such measures as may be necessary to
assure effective representation of counsel, which may include the appointment of new counsel. 
Id. 53(m), 74(l)(2). However, if he desires to continue to proceed pro se, the trial court is
directed to determine, on the record, his ability and capacity to knowingly and intelligently waive
his right to counsel. Hathorn v. State, 848 S.W.2d 101, 122-23 (Tex. Crim. App. 1992), cert.
denied, ___ U.S. ___, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993); Ex parte Davis, 818 S.W.2d 64,
66-68 (Tex. Crim. App. 1991).
      The trial court shall forward a record of the hearing, with its findings of fact and conclusions
of law, to the clerk of this court within twenty-one days of the date of this order.

                                                                                     PER CURIAM

Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Appeal abated
Order issued and filed October 30, 1996
Do not publish


      Beatley notes several deficiencies in Ryan’s experience, including the following: (1) she had
not administered or evaluated the MMPI or its results on a person for some period of time (he says
over two years, but it is unclear from the record); (2) she had only administered tests like the MSI
and the MMPI while supervised by a psychologist with credentials; (3) she had only conducted
psychological evaluations under the auspices of another psychologist’s credentials; (4) she had
only administered the MMPI2 approximately six times in twenty years; (5) she probably had
administered the MMPI more than ten times; (6) she had never previously testified as an expert;
and (7) she had only interpreted test results of the MMPI while under the supervision of a licensed
psychologist.
      Based upon these deficiencies in Ryan’s background, Beatley asserts that Ryan had no
qualifications, experience, or authority to interpret the results of the tests in evidence. This
argument ignores Ryan’s testimony that she was qualified by training and experience to interpret
the results of the MMPI2 test and had recently administered that test 20-25 times. Although she
had previously interpreted the results of this test while under the supervision of a clinical
psychologist, she testified that she was not required to do so. As we have previously noted, the
trial court could have reasonably concluded that the State established by clear and convincing
evidence that she was an expert whose testimony was reliable so that it would assist the jury in
accurately understanding other evidence or in determining a fact in issue.
      Beatley primarily relies upon the case of Fox v. State, ___S.W.3d ___, 2002 WL 122056
(Tex. App.—Houston [14th Dist.] Jan. 31, 2002, pet. ref’d). We find Fox to be distinguishable. 
In that case the trial court did not allow the testimony of a witness due to her limited experience
in dealing specifically with abused children and in the technique typically used to interview such
children. Id. at ___. We first note that the court did not analyze the witness’s reliability in
accordance with the standards set forth in Weatherred. Id. Even if the opinion is correctly
decided, we note that in Fox the trial court denied the admission of the expert’s testimony, while
in the case at bar the trial court allowed the admission of the testimony. As noted in Fox, the trial
court has wide latitude in determining whether to admit such testimony. Id. at ___. We overrule
Beatley’s sole issue.
      The judgment is affirmed.

                                                                   JOHN G. HILL
                                                                   Senior Justice

Before Chief Justice Davis,
      Justice Vance, and
      Senior Justice Hill (Sitting by Assignment)
      (Justice Vance concurring)
Affirmed
Opinion delivered and filed July 30, 2003
Do not publish
[CR25]