Lawson III-G v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-169-CR

     GILBERT LAWSON III,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 8512-A
                                                                                                    

OPINION ON 
SUA SPONTE ABATEMENT OF APPEAL
                                                                                                    

      A jury found Gilbert Lawson III guilty of attempted murder and assessed punishment of ten
years' incarceration, probated for ten years and a $10,000 fine. He appealed from his conviction. 
Although the transcript was filed in this court on August 27, 1996, no statement of facts followed. 
On September 4 our clerk notified him that the statement of facts had not been timely filed and
that, absent a motion for an extension of time to file the statement of facts, we would consider the
appeal on the transcript alone. Tex. R. App. P. 53(m). In the same letter, he was given thirty
days to file a brief. After he failed to timely file a brief, our clerk sent him a letter, dated October
8, requesting that a brief be filed within ten days. Id. 74(l)(2). No brief has been filed. 
      Therefore, this appeal is abated and the trial court instructed to conduct a hearing to
determine: (1) why a statement of facts has not been filed; (2) whether Lawson desires to proceed
with the appeal; (3) whether Lawson is now indigent; and (4), if Lawson is not indigent, whether
he has failed to make necessary arrangements for filing a brief. Id. 53(m), 74(l)(2), 83. If
Lawson no longer wishes to pursue an appeal, he must sign and file a motion to dismiss, expressly
requesting withdrawal of his notice of appeal and dismissal of this proceeding. Id. 59(b).
      If Lawson is indigent, the trial court shall take such measures as may be necessary to assure
effective representation of counsel, which may include the appointment of new counsel. Id.
53(m), 74(l)(2). However, if he desires to proceed pro se, the trial court is directed to determine,
on the record, his ability and capacity to knowingly and intelligently waive his right to counsel. 
Hathorn v. State, 848 S.W.2d 101, 122-23 (Tex. Crim. App. 1992), cert. denied, ___ U.S. ___,
113 S.Ct. 3062, 125 L.Ed.2d 744 (1993); Ex parte Davis, 818 S.W.2d 64, 66-68 (Tex. Crim.
App. 1991).
      The trial court shall forward a record of the hearing, with its findings of fact and conclusions
of law, to the clerk of this court within twenty-one days of the date of this order.

                                                                                     PER CURIAM

Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Appeal abated
Order issued and filed November 20, 1996
Do not publish