James David HESTER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–151–CR.

Court of Appeals of Texas,
Waco.

Nov. 14, 2001.

Hugh M. Hodges, Jr., Dallas, for appellant.

Bill Hill, Dallas County Crim. Dist. Atty., Dallas, for appellee.

Before Chief Justice DAVIS, VANCE and GRAY, Justices.

## ABATEMENT ORDER

PER CURIAM.

James Hester appealed from a judgment and sentence for driving while intoxicated. He filed a timely notice of appeal. We have abated this cause twice because retained counsel has failed to file a brief on Hester's behalf. The first time we abated, the court failed to hold a hearing because of a communications failure between the clerk and the trial court. The second time, the court held a hearing and found that Hester does wish to prosecute this appeal and he is not indigent. At the hearing, counsel explained that he believed other counsel had been retained to handle the appeal and that was why he had not filed a brief. Counsel further indicated to the court that he would file a brief within thirty days of the hearing date "unless instructed otherwise by the Court of Appeals." This was on June 21, 2001. No brief was filed on Hester's behalf.

To ensure that Hester is receiving effective assistance of counsel, we ordered Hugh M. Hodges, Jr., SBN 09767000, 8533 Ferndale, Suite 110, Dallas, Texas, 75238, Hester's retained attorney, to prepare and file an appellant's brief in this cause complying with the Texas Rules of Appellate Procedure, at or before 5:00 p.m. on October 5, 2001. Our order, addressed to Hodges at the above address, was returned as "undeliverable." The clerk of the court has attempted to contact Hodges, but has been unsuccessful.

Therefore, we abate this cause to the trial court for a third time with instructions to hold a hearing within thirty days after the date of this order.

Because Hester is represented by retained counsel, the court shall determine at the hearing: (1) whether Hester still desires to prosecute this appeal; (2) if so, whether counsel for appellant has abandoned the appeal or whether appellant's present counsel can discharge his duty to Hester with respect to this appeal; and (3) other factors necessary to assure effective representation by counsel on appeal.

If the court determines that Hester desires to proceed with the appeal pro se, the court is directed to determine, on the record, Hester's ability and capacity to knowingly and intelligently waive his right to counsel. *See Hathorn v. State,* 848 S.W.2d 101, 122–23 (Tex.Crim.App.1992); *Ex parte Davis,* 818 S.W.2d 64, 66–68 (Tex. Crim.App.1991). If Hester does wish to waive his right to counsel, a knowing and intelligent waiver of such right must appear on the record.

If Hester claims to be indigent, the court shall determine if he is. If the court finds Hester to be indigent, it shall take

such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. TEX.R.APP. P. 38.8(b).

If Hester does not desire to continue to prosecute this appeal, the court shall have him sign a written withdrawal of his notice of appeal. *Id.* 42.2.

If the trial court determines that Hester has retained other counsel or should the court appoint an attorney, the court should include in the record the name, address, and State Bar of Texas identification number of the newly-retained or newly-appointed attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a reporter's record; and (4) cause the supplemental clerk's record and reporter's record of the hearing and proceedings pursuant to this order to be filed with the clerk of this court within forty-five days after the date of this order. The trial court should inform counsel for Hester or Hester himself if pro se that a brief is due to be filed with this Court within thirty days after the date of the trial court's hearing.