**Opinion filed July 29, 2010**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-09-00158-CR & 11-09-00159-CR

_____

## BENNIDITO MATA BITOLAS, Appellant

## V.

## STATE OF TEXAS, Appellee

---

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. A-35,354 & A-35,528**

---

## M E M O R A N D U M    O P I N I O N

The jury convicted Bennidito Mata Bitolas of assault on a public servant[1] and possession of heroin.[2] In each case, the jury found both enhancement allegations of prior felony convictions for aggravated robbery and for murder to be true. The jury assessed punishment at confinement for life for the assault on a public servant offense and confinement for twenty years for the possession offense. We affirm.

---

[1]11-09-00158-CR.

[2]11-09-00159-CR.

*Issue on Appeal*

In his sole issue on appeal in each case, appellant contends that the trial court erred in allowing him to represent himself at trial. Specifically, appellant contends that his waiver of counsel was not knowingly, intelligently, and voluntarily made.

*Applicable Law*

A criminal defendant has a fundamental right to counsel. U.S. CONST. AMEND. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (Vernon Supp. 2009); *Faretta v. California*, 422 U.S. 806 (1975); *Williams v. State*, 252 S.W.3d 353 (Tex. Crim. App. 2008). After proper admonishment, a defendant may waive his right and assert his right to represent himself. Article 1.051(f); *Faretta*, 422 U.S. at 835; *Williams*, 252 S.W.3d at 356.

*Proceedings in These Cases*

The record in these cases reflect that Rick Navarrette was originally appointed to represent appellant in the trial court. Appellant insisted that Navarrette be dismissed, and the trial court appointed Lawrence Barber as trial counsel. The record before this court contains over thirty-five pro se motions, requests for relief, and proposed orders filed from December 2008 to April 2009 while appellant was represented by court-appointed counsel. In each case, appellant filed a pro se motion requesting the dismissal of Barber and the appointment of his third trial counsel in nine months. Appellant also asserted his right to self-representation.

On April 27, 2009, the trial court conducted a hearing on appellant's request to represent himself. The hearing began:

> THE COURT: [Appellant], you have filed a motion stating that you wanted to exercise your constitutional right of self-representation; is that correct?
>
> [APPELLANT]: Yes, sir.
>
> THE COURT: And you have attached to your motion a waiver of attorney wishing to proceed Pro Se; is that correct, sir?
>
> [APPELLANT]: Yes, Your Honor.

The trial court then proceeded to question appellant concerning his educational background and the reasons why he wished to waive his right to counsel, to explain the trial process, and to admonish him concerning the consequences of waiving his right to counsel and exercising his right to self-representation. Appellant stated that he had completed not only the eighth grade and

his GED but also three college courses in history, science, and math. Appellant also stated that he had been a participant in the criminal justice system in the past and that he had prepared all of his pro se motions with no help from anyone. Toward the end of the hearing the following occurred:

THE COURT: Now, you understand what I have just gone through with you, do you not, [appellant]?

[APPELLANT]: Yes, Your Honor.

THE COURT: Knowing all of those things, knowing all of these matters that we have gone through, and knowing that you will be at a distinct disadvantage in representing yourself in this case, do you still wish to exercise your right to self-representation, and represent yourself pro se in these matters, and proceed a week from tomorrow. Do you wish to represent yourself?

[APPELLANT]: Yes, Your Honor, because I have no other choice, sir.

THE COURT: Well, no, it is not a conditional thing. Do you wish to proceed representing yourself or do you not wish to proceed representing yourself, [appellant]?

[APPELLANT]: It is going to incriminate myself. I don't think I'm at a disadvantage on my side and end up incriminating myself, I don't think it is a good idea, but I did file a Motion to Dismissal of Counsel.

THE COURT: That is not the motion before the Court.

[APPELLANT]: All right.

THE COURT: That is not the motion before the Court.

[APPELLANT]: Okay.

THE COURT: What I am asking you right now, [appellant] - -

[APPELLANT]: Yes, Sir.

THE COURT: You acknowledged that you will be at a disadvantage.

[APPELLANT]: Yes.

THE COURT: That is why I have gone through the last 30 minutes telling you about the trial process, and letting you know as best the Court can about why you would be placed at a disadvantage.

Now, knowing all of those things, and acknowledging that you understand all of those matters that we have just gone through, do you desire to exercise your right to self-representation and waive your right to court-appointed counsel since the Court has previously found that you are indigent.

Do you or do you not?

[APPELLANT]: Yes, I will go ahead and represent myself, sir.

The hearing concluded with appellant signing a document titled "admonishment on waiving right to an attorney" and with appellant affirmatively stating that he understood that he was waiving his right to appointed counsel and that he was exercising his right to represent himself. The trial court reminded appellant that the trial of his cases had been postponed once before because of his "insistence of dismissing [his] first court-appointed counsel" and that the trial court would not continue the cases again because appellant wished to withdraw his waiver.

*Analysis*

Appellant was properly admonished and chose to represent himself. The record before this court supports the trial court's determination that appellant knowingly and intelligently chose to waive his right to counsel and to exercise his right to proceed pro se. *Faretta*, 422 U.S. 806; *Williams*, 252 S.W.3d 353; *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976). The sole issue in each case is overruled.

*Holding*

The judgments of the trial court are affirmed.

TERRY McCALL

JUSTICE

July 29, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4