Opinion filed July 29,
2010 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-09-00158-CR & 11-09-00159-CR

                                                    __________

 

                           BENNIDITO
MATA BITOLAS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 70th District Court

 

                                                             Ector
County, Texas

 

                                        Trial Court Cause
Nos. A-35,354 & A-35,528

 



 

                                           M
E M O R A N D U M      O P I N I O N

            The
jury convicted Bennidito Mata Bitolas of assault on a public servant[1]
and possession  of heroin.[2] 
In each case, the jury found both enhancement allegations of prior felony
convictions for aggravated robbery and for murder to be true.  The jury
assessed punishment at confinement for life for the assault on a public servant
offense and confinement for twenty years for the possession offense.  We
affirm.

Issue
on Appeal

            In
his sole issue on appeal in each case, appellant contends that the trial court
erred in allowing him to represent himself at trial.  Specifically, appellant
contends that his waiver of counsel was not knowingly, intelligently, and
voluntarily made.

Applicable
Law

            A criminal
defendant has a fundamental right to counsel.  U.S. Const. Amend.
VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051
(Vernon Supp. 2009); Faretta v. California, 422 U.S. 806 (1975); Williams
v. State, 252 S.W.3d 353 (Tex. Crim. App. 2008).  After proper
admonishment, a defendant may waive his right and assert his right to represent
himself.  Article 1.051(f); Faretta, 422 U.S. at 835; Williams,
252 S.W.3d at 356.

Proceedings
in These Cases

            The
record in these cases reflect that Rick Navarrette was originally appointed to
represent appellant in the trial court.  Appellant insisted that Navarrette be
dismissed, and the trial court appointed Lawrence Barber as trial counsel.  The
record before this court contains over thirty-five pro se motions, requests for
relief, and proposed orders filed from December 2008 to April 2009 while
appellant was represented by court-appointed counsel.  In each case, appellant
filed a pro se motion requesting the dismissal of Barber and the appointment of
his third trial counsel in nine months.  Appellant also asserted his right to
self-representation.

            On
April 27, 2009, the trial court conducted a hearing on appellant’s request to
represent himself.  The hearing began:

            THE
COURT:  [Appellant], you have filed a motion stating that you wanted to
exercise your constitutional right of self-representation; is that correct?

 

            [APPELLANT]: 
Yes, sir.

 

            THE
COURT:  And you have attached to your motion a waiver of attorney wishing to
proceed Pro Se; is that correct, sir?

 

            [APPELLANT]: 
Yes, Your Honor.

 

The trial court
then proceeded to question appellant concerning his educational background and
the reasons why he wished to waive his right to counsel, to explain the trial
process, and to admonish him concerning the consequences of waiving his right
to counsel and exercising his right to self-representation.  Appellant stated
that he had completed not only the eighth grade and his GED but also three
college courses in history, science, and math.  Appellant also stated that he
had been a participant in the criminal justice system in the past and that he
had prepared all of his pro se motions with no help from anyone.  Toward the
end of the hearing the following occurred:

            THE
COURT:  Now, you understand what I have just gone through with you, do you not,
[appellant]?

 

            [APPELLANT]: 
Yes, Your Honor.

 

            THE
COURT:  Knowing all of those things, knowing all of these matters that we have
gone through, and knowing that you will be at a distinct disadvantage in
representing yourself in this case, do you still wish to exercise your right to
self-representation, and represent yourself pro se in these matters, and
proceed a week from tomorrow.  Do you wish to represent yourself?

 

            [APPELLANT]: 
Yes, Your Honor, because I have no other choice, sir.

 

            THE
COURT:   Well, no, it is not a conditional thing.  Do you wish to proceed
representing yourself or do you not wish to proceed representing yourself,
[appellant]?

 

            [APPELLANT]: 
It is going to incriminate myself.  I don’t think I’m at a disadvantage on my
side and end up incriminating myself, I don’t think it is a good idea, but I
did file a Motion to Dismissal of Counsel.

 

            THE
COURT:   That is not the motion before the Court.

 

            [APPELLANT]: 
All right.

 

            THE
COURT:   That is not the motion before the Court.

 

            [APPELLANT]: 
Okay.

 

            THE
COURT:   What I am asking you right now, [appellant] - -

 

            [APPELLANT]: 
Yes, Sir.

 

            THE
COURT:   You acknowledged that you will be at a disadvantage.

 

            [APPELLANT]: 
Yes.

 

            THE
COURT:   That is why I have gone through the last 30 minutes telling you about
the trial process, and letting you know as best the Court can about why you
would be placed at a disadvantage.

 

            Now,
knowing all of those things, and acknowledging that you understand all of those
matters that we have just gone through, do you desire to exercise your right to
self-representation and waive your right to court-appointed counsel since the
Court has previously found that you are indigent.

 

            Do you
or do you not?

 

            [APPELLANT]: 
Yes, I will go ahead and represent myself, sir. 

 

The hearing
concluded with appellant signing a document titled “admonishment on waiving
right to an attorney” and with appellant affirmatively stating that he
understood that he was waiving his right to appointed counsel and that he was
exercising his right to represent himself.  The trial court reminded appellant
that the trial of his cases had been postponed once before because of his
“insistence of dismissing [his] first court-appointed counsel” and that the
trial court would not continue the cases again because appellant wished to
withdraw his waiver.

Analysis

            Appellant
was properly admonished and chose to represent himself.  The record before this
court supports the trial court’s determination that appellant knowingly and
intelligently chose to waive his right to counsel and to exercise his right to
proceed pro se.  Faretta, 422 U.S. 806; Williams, 252 S.W.3d 353;
Ex parte Davis, 818 S.W.2d 64 (Tex. Crim. App. 1991); Hubbard v.
State, 739 S.W.2d 341 (Tex. Crim. App. 1987); Webb v. State, 533
S.W.2d 780 (Tex. Crim. App. 1976).  The sole issue in each case is overruled.

Holding

            The judgments of the
trial court are affirmed.

 

                                                            

                                                                                    TERRY
McCALL

                                                                                    JUSTICE

 

July 29, 2010

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]11-09-00158-CR.

 





                [2]11-09-00159-CR.