IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00033-CR

 

John Paul Wilkins,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 278th District Court

Leon County, Texas

Trial Court No. CM-06-76

 



MEMORANDUM  Opinion










 

            John Paul Wilkins appeals from a plea
of true to a revocation of his community supervision for the offense of
possession of cocaine in an amount greater than or equal to 4 grams but less
than 200 grams.  Tex. Health &
Safety Code Ann. § 481.115(a) & (d) (Vernon 2010).  There was no
plea bargain and Wilkins was sentenced to five (5) years’ imprisonment. 
Wilkins complains in his sole issue that he did not receive credit for the time
he served in jail immediately preceding his revocation hearing.

            A review of the reporter’s record
indicates that the trial court stated that Wilkins would receive credit for his
time served when the sentence was assessed.  Further, the judgment revoking his
community supervision reflects that he was given credit for the 92 days of
which he now complains.  Therefore, no error exists.  We overrule Wilkins’s
sole issue.  We affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed December 1, 2010

Do not publish

[CR25]






 murder conviction and twenty years' incarceration on each
of the aggravated assault convictions. Gonzalez filed notices of appeal and motions for new trial
that same day for all three convictions.
      Neither a transcript nor a statement of facts has been filed in this case. On April 17, 1997,
our clerk notified Gonzalez that the transcript had not been filed and that he "must file either the
transcript, a motion for extension of time to file the transcript, or a response setting forth an
adequate explanation as to why the transcript is not yet due within fifteen days of the date of this
letter or this cause will be abated to the trial court for a hearing to determine why the transcript
has not been filed." On April 21 Gonzalez filed a motion to extend the time to file the statement
of facts, but no similar request was made for the transcript. We granted Gonzalez's motion on
April 23, extending the time to file the statement of facts until July 31, 1997, and in the order we
noted that the transcript was yet to be filed. Despite this notice, Gonzalez has to this date failed
to file the transcript or a motion requesting an extension of time to file the same.
      Therefore, this appeal is abated and the trial court instructed to conduct a hearing to
determine: (1) why the transcript has not been filed; (2) whether Gonzalez desires to proceed with
the appeal; (3) whether Gonzalez is now indigent; and (4), if Gonzalez is not indigent, whether
he has failed to make necessary arrangements for filing the transcript. Id. 53(m), 74(l)(2), 83. 
If Gonzalez no longer wishes to pursue an appeal, he and his counsel must sign and file a motion
to dismiss, expressly requesting withdrawal of his notice of appeal and dismissal of this
proceeding. Id. 59(b).
      If Gonzalez is indigent, the trial court shall take such measures as may be necessary to assure
effective representation of counsel, which may include the appointment of new counsel. Id.
53(m), 74(l)(2). However, if he desires to proceed pro se, the trial court is directed to determine,
on the record, his ability and capacity to knowingly and intelligently waive his right to counsel. 
Hathorn v. State, 848 S.W.2d 101, 122-23 (Tex. Crim. App. 1992); Ex parte Davis, 818 S.W.2d
64, 66-68 (Tex. Crim. App. 1991). A knowing and voluntary waiver of his right to counsel
should appear on the record.
      The trial court shall forward a record of the hearing, with its findings of fact and conclusions
of law, to the clerk of this court within twenty-one days of the date of this order.
 

                                                                                     PER CURIAM


Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Appeal abated
Opinion issued and filed May 14, 1997
Do not publish