

# Fourth Court of Appeals
## San Antonio, Texas

February 20, 2014

No. 04-14-00041-CR

Kyle **MILLER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR5502
Honorable Pat Priest, Judge Presiding

# O R D E R

On February 14, 2014, Appellant Kyle Miller filed a motion to dismiss his court-appointed appellate counsel and to represent himself in this appeal. Appellant contends his attorney should be removed and he should be allowed to proceed pro se so that he can ensure all meritorious appellate issues are presented. On February 19, 2014, Appellant's court-appointed attorney from the Bexar County Public Defender's Office notified this court that he concurs with Appellant's request for a hearing on his right to self-representation.

The record does not suggest Appellant is "acting out of a desire to manipulate the orderly procedures of the appellate system or to interfere with the fair administration of justice," and we conclude that his request is timely. *See Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987). Therefore, Appellant may represent himself on appeal in this court, provided he is fully admonished, he makes his decision knowingly and intelligently, and it is in his best interest to represent himself on appeal. *See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000) (recognizing that states may allow appellants to represent themselves in criminal appeals); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order) (refusing to allow appellant to proceed pro se on appeal because it would not be in his best interest).

Therefore, we ABATE this appeal and REMAND this cause to the trial court. We ORDER the trial court to conduct a hearing and accomplish the following:

(1) fully admonish Appellant of the dangers and disadvantages of self-representation, *see Ex parte Davis*, 818 S.W.2d 64, 66–67 (Tex. Crim. App. 1991);

(2) "develop evidence as to whether appellant's apparent decision to relinquish benefits associated with counsel and proceed pro se is knowingly and intelligently made," *see Hubbard*, 739 S.W.2d at 345;

(3) develop evidence as to whether it would be in Appellant's best interest to proceed pro se on appeal; and

(4) make findings of fact and conclusions of law as to whether Appellant's decision to proceed pro se is knowingly and intelligently made and whether allowing Appellant to proceed pro se on appeal would be in his best interest.

We ORDER the trial court to hold the hearing and deliver written findings of fact and conclusions of law to the trial court clerk within THIRTY DAYS of the date of this order.

We ORDER the trial court clerk to file in this court, no later than FIFTEEN DAYS from the date it receives the trial court's findings of fact and conclusions of law, a supplemental clerk's record containing the court's written findings of fact and conclusions of law.

We ORDER the court reporter to make a record of the hearing and to file in this court, within FIFTEEN DAYS from the date of the hearing, a reporter's record of the hearing.

We ORDER the clerk of this court to deliver to the trial court, Appellant, all counsel, the trial court clerk, and the court reporter,

Appellant's motion to dismiss appellate counsel and proceed pro se is HELD IN ABEYANCE pending this court's receipt of the supplemental reporter's and clerk's records.

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of February, 2014.

_____
Keith E. Hottle
Clerk of Court