**Order filed March 6, 2015**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-14-00359-CR

_____

## ALEJANDRO DANIEL AVILA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR43438**

### O R D E R

Alejandro Daniel Avila was convicted of two counts of aggravated sexual assault of a child, for which he received consecutive twenty-year sentences. Avila timely filed a pro se notice of appeal, but the judgments reflect that Avila was represented at trial by an attorney. The appeal has been unduly stalled due in part to the lack of an appellate record. The court reporter and the district clerk have informed us that Avila has not submitted any request to have the records prepared,

has not filed a written designation, has not paid for the reporter's record or the clerk's record, and has made no arrangements to pay for either record. It is not clear from the documents on file in this case whether Avila is indigent and cannot afford to pay for the record. Nor is it clear whether Avila's counsel at trial was appointed or retained or whether he is entitled to court-appointed counsel on appeal.

An indigent criminal defendant has a constitutional right to a free appellate record in a first appeal of right. *See Griffin v. Illinois*, 351 U.S. 12, 18–19 (1956); *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986). An indigent criminal defendant is also entitled to have counsel appointed on appeal. TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2014). We will abate the appeal so that the trial court, who is in the best position to make these determinations, may resolve the issues related to the appellate record and appellate counsel.

The trial court is directed to conduct a hearing to determine the following:

    1. Whether Avila desires to prosecute his appeal;

    2. Whether Avila is indigent;

    3. If indigent, whether Avila is entitled to a free appellate record (*see* TEX. R. APP. P. 20.2); and

    4. If indigent, whether counsel should be appointed for appeal.

The trial court is requested to make appropriate findings and recommendations. If it is determined that Avila is indigent and is exercising his right to represent himself, the trial court must develop evidence as to whether Avila's decision to proceed without counsel is knowingly and intelligently made and enter findings of fact and conclusions of law. *Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780 (Tex. Crim. App. 1976).

In the event that the trial court determines that Avila is not indigent, the appeal may be dismissed for want of prosecution. TEX. R. APP. P. 37.3(b).

The clerk of the trial court is directed to prepare and forward to this court a clerk's record containing the findings, recommendations, and any orders of the trial court. The court reporter is directed to prepare and forward to this court the reporter's record from the hearing. The records are due to be filed in this court on or before March 27, 2015.

The appeal is abated.

PER CURIAM

March 6, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.