**Order filed August 31, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00106-CR

_____

## ISSAC HENRY CASIAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR45768**

## O R D E R

Appellant's court-appointed attorney of record, Paul Williams, has filed in this court a motion to withdraw as counsel for Appellant in this case. Williams states in the motion that Appellant refuses to visit with Williams. Appellant previously indicated that, based upon the 99-year sentence that was imposed, Appellant did not think that Williams "had tried very hard" at trial. Williams requests that he be allowed to withdraw "[g]iven this total inability to communicate" with Appellant. We abate the appeal.

We note that the matter of whether counsel should be allowed to withdraw from a case is a matter within the court's discretion. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). We also note that personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal and that the right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice. *Id.* Additionally, filing a grievance against an appointed attorney does not necessarily create a conflict of interest or require that counsel be permitted to withdraw. *See Perry v. State*, 464 S.W.2d 660, 664 (Tex. Crim. App. 1971) (filing civil action against appointed attorney does not per se create conflict of interest). We further note that Appellant is not entitled to appointed counsel of his choice. A trial court has no duty to search for counsel that is agreeable to the defendant. *King*, 29 S.W.3d at 566.

The trial court is requested to conduct a hearing to determine whether Williams should be allowed to withdraw as counsel for Appellant in this appeal. We note that Appellant need not appear in person at the hearing and that the trial court may permit him to appear via telephone. If the trial court determines that Williams should be allowed to withdraw as counsel for Appellant, the trial court is also requested to determine the following:

1. Whether Appellant desires to prosecute this appeal;

2. Whether Appellant is indigent;

3. If not indigent, whether Appellant has retained counsel for this appeal; and

4. If indigent, whether Appellant desires to have counsel appointed to represent him in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, Appellant competently and intelligently chooses to exercise the right to represent himself.

If it is determined that Appellant is indigent and is exercising his right to represent himself, the trial court must develop evidence as to whether Appellant's decision to proceed without counsel is knowingly and intelligently made. *See Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 783–86 (Tex. Crim. App. 1976).

If it is determined that Appellant is indigent, that he is not exercising his right of self-representation, and that Williams should be permitted to withdraw as counsel, the trial court is directed to appoint new counsel to represent Appellant in this appeal.

The trial court is directed to enter findings of fact and conclusions of law and to make any appropriate recommendations to this court. The clerk of the trial court is directed to prepare and forward to this court a supplemental clerk's record containing the findings, recommendations, and any orders of the trial court. The court reporter is directed to prepare and forward to this court the reporter's record from the hearing. These records are due to be filed in this court on or before September 30, 2016.

This appeal is abated.

PER CURIAM

August 31, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.