**Order filed October 6, 2016**



In The

# Eleventh Court of Appeals

---

## No. 11-16-00176-CR

---

### JOE ANTHONY ALVAREZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 19636B**

### O R D E R

Upon receipt of the clerk's record, this court became aware of a July 8, 2016 order in which the trial court permitted Kevin W. Willhelm, court-appointed counsel for Joe Anthony Alvarez, to withdraw as counsel of record for Alvarez. In the order, the trial court noted that Alvarez is indigent and entitled to the appointment of counsel to represent him on appeal. However, the trial court has not appointed counsel to replace Willhelm.

We abate the appeal and remand the cause to the trial court so that the trial court may either appoint counsel for Alvarez or conduct a hearing to determine the following:

1. Whether Alvarez desires to prosecute this appeal;

2. Whether Alvarez is still indigent;

3. If not indigent, whether Alvarez has retained counsel for this appeal; and

4. If indigent, whether Alvarez desires to have counsel appointed to represent him in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, Alvarez competently and intelligently chooses to exercise the right to represent himself.

In the event that the trial court determines that Alvarez is indigent and is exercising his right to represent himself, the trial court must develop evidence as to whether Alvarez's decision to proceed without counsel is knowingly and intelligently made. *See Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 783–86 (Tex. Crim. App. 1976). If the trial court conducts a hearing, the trial court is directed to enter findings of fact and conclusions of law and to make any appropriate recommendations to this court. We note that Alvarez need not appear in person at the hearing and that the trial court may permit him to appear via telephone.

The clerk of the trial court is directed to prepare and forward to this court a supplemental clerk's record containing any findings, recommendations, and orders of the trial court related to this abatement. If the trial court conducts a hearing, the court reporter is directed to prepare and forward to this court the reporter's record from the hearing. These records are due to be filed in this court on or before October 28, 2016.

2

The appeal is abated.

PER CURIAM

October 6, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.