**Order filed October 26, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00284-CR

_____

## ALONZO ROSHAWN PRIMUS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 13606**

## O R D E R

Alonzo Roshawn Primus was represented by attorney R. Shay Isham at trial. Although the judgment reflects that Isham was appointed, the district clerk informed this court that Isham was retained. Primus filed a pro se notice of appeal and request for the appointment of appellate counsel. Primus asserts that he is entitled to a court-appointed attorney pursuant to TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2016), which provides that an eligible indigent defendant is entitled to have

the trial court appoint an attorney to represent him in an appeal to a court of appeals. We abate this appeal.

We remand the cause to the trial court so that it may determine the following:

1. Whether Primus desires to prosecute his appeal;

2. Whether Primus is indigent;

3. If not indigent, whether Primus has retained counsel for this appeal; and

4. If indigent, whether Primus desires to have counsel appointed to represent him in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, Primus competently and intelligently chooses to exercise the right to represent himself.

If it is determined that Primus is indigent and desires to have counsel appointed, the trial court is directed to appoint counsel for this appeal. If it is determined that Primus is indigent and is exercising his right to represent himself, the trial court must develop evidence as to whether Primus's decision to proceed without counsel is knowingly and intelligently made. *See Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 783–86 (Tex. Crim. App. 1976).

We note that Primus need not appear in person at the hearing and that the trial court may permit him to appear via telephone. The trial court is directed to enter findings of fact and conclusions of law, if necessary, and to make any appropriate recommendations to this court.

The clerk of the trial court is directed to prepare and forward to this court a clerk's record containing any findings, recommendations, or orders of the trial court. If a hearing is held, the court reporter is directed to prepare and forward to this court the reporter's record from the hearing. The records are due to be filed in this court on or before November 27, 2017.

The appeal is abated.

PER CURIAM

October 26, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.