

# Fourth Court of Appeals
## San Antonio, Texas

July 3, 2018

No. 04-18-00198-CR

Boyce C. **ATKINSON,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court, Gillespie County, Texas
Trial Court No. CC 17615
Honorable Mark Stroeher, Judge Presiding

# O R D E R

Boyce C. Atkinson's filed a notice of appeal from the trial court's judgment; however, he has not paid the clerk's and reporter's fees for preparing and filing the record. This court previously ordered Atkinson to file either proof the fees have been paid or that he is entitled to proceed without payment of the fees. Our order advised that if Atkinson failed to adequately respond by June 22, 2018, his appeal would be dismissed.

Atkinson has not responded to our order and the record has not been filed. However, on June 15, 2018, Atkinson's retained attorney, filed a motion to withdraw. The motion complies with the requirements of rule 6.5 of the Texas Rules of Appellate Procedure. We **grant** the motion to withdraw.

Because appellant is without counsel on appeal, we **abate** this appeal and remand the case to the trial court. We **order** the trial court to conduct a hearing and address the following matters:

(1) determine whether appellant desires to prosecute the appeal;

(2) require the clerk and court reporter to provide estimates of the cost to prepare and file the appellate record;

(3) if appellant asserts he is indigent, determine whether appellant is indigent; if appellant is indigent, appoint appellate counsel and order the clerk and court reporter to prepare the appellate record;

(4) if appellant is not indigent, advise appellant he must pay the clerk's fees for preparation and filing of the clerk's record within ten days of the date of the hearing, and admonish appellant the court of appeals may dismiss the appeal if the fees are not paid;

(5) if appellant is not indigent, determine whether appellant has made the necessary arrangements for retaining new counsel to file a brief;

(5) if appellant desires to proceed pro se, the trial court must fully admonish appellant of the dangers and disadvantages of self-representation; *see Ex parte Davis*, 818 S.W.2d 64, 66-67 (Tex. Crim. App. 1991), and determine whether appellant's decision to relinquish benefits associated with counsel and proceed pro se is knowingly and intelligently made. *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987).

We further **order** the trial court to hold the hearing and make written findings addressing the above issues **not later than July 30, 2018**. We **order** the court reporter to file a record of the hearing and **order** the trial court clerk to file a supplemental clerk's record containing any filing by appellant relating to these matters, the trial court's findings, and, if applicable, the trial court's order appointing counsel. The supplemental reporter's and clerk's records are due by **August 2, 2018**. All deadlines are abated until further order of this court.

We **order** the clerk of this court to serve a copy of this order on appellant, counsel, the trial court judge, the court reporters, and the County Clerk of Gillespie County.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 3rd day of July, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court