**Order filed May 2, 2019**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00125-CR
_____

## JAMAI NICOLE DABNEY BARRON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10597**

### O R D E R

Jamai Nicole Dabney Barron was represented by retained attorney Anne-Marie Gillespie at trial. Barron filed a pro se notice of appeal and request for the appointment of appellate counsel. Barron asserts that she is indigent. An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent the defendant in an appeal to this court. TEX. CODE CRIM. PROC. ANN.

art. 1.051(d)(1) (West Supp. 2018).  Barron also requests that a reporter's record be provided free of charge for this appeal.  We abate the appeal.

We remand the cause to the trial court so that it may determine the following:

1.  Whether Barron desires to prosecute her appeal;

2.  Whether Barron is indigent;

3.  If not indigent, whether Barron has retained counsel for this appeal; and

4.  If indigent, whether Barron desires to have counsel appointed to represent her in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, Barron competently and intelligently chooses to exercise the right to represent herself.

If it is determined that Barron is indigent and desires to have counsel appointed, the trial court is directed to appoint counsel for this appeal.  We also request that the trial court address the issue of Barron's entitlement to have the reporter's record furnished free of charge for this appeal.  If it is determined that Barron is indigent and is exercising her right to represent herself, the trial court must develop evidence as to whether Barron's decision to proceed without counsel is knowingly and intelligently made.  *See Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 783–86 (Tex. Crim. App. 1976).

We note that Barron need not appear in person at the hearing and that the trial court may permit her to appear via telephone.  The trial court is directed to enter findings of fact and conclusions of law, if necessary, and to make any appropriate recommendations to this court.

The clerk of the trial court is directed to prepare and forward to this court a clerk's record containing any findings, recommendations, or orders of the trial court.  If a hearing is held, the court reporter is directed to prepare and forward to this court

2

the reporter's record from the hearing. The records are due to be filed in this court on or before May 23, 2019.

The appeal is abated.

PER CURIAM

May 2, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.