**Order filed October 8, 2020**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-20-00021-CR & 11-20-00024-CR
_____

### JESSE ALAN LEBARRON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR49073 & CR49754**

### O R D E R

After appellate counsel was appointed to represent Jesse Alan LeBarron in these appeals, LeBarron demanded the right to represent himself. Thereafter, the trial court held a hearing and appointed counsel, Wayne Frost, as "standby" counsel only. The trial court subsequently permitted Frost to withdraw and appointed Mark Dettman as "standby" counsel only. LeBarrron is aware of Frost's withdrawal, but he is apparently unaware of Dettman's appointment. LeBarron now asserts in these appeals that he has sustained a head injury that makes it difficult to concentrate, that

he is uncertain about how to file documents and what documents need to be filed, and that he may need an attorney to draft the briefs in these appeals. We abate the appeals.

An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent the defendant in an appeal to this court. TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2020). Accordingly, we remand these causes to the trial court so that it may determine the following:

1. Whether LeBarron desires to prosecute his appeals;

2. Whether LeBarron is indigent;

3. If not indigent, whether LeBarron has retained counsel for these appeals; and

4. If indigent, whether LeBarron desires to have counsel appointed to represent him in these appeals or whether, after being warned of the dangers and disadvantages of self-representation, LeBarron competently and intelligently chooses to exercise the right to represent himself.

If it is determined that LeBarron is indigent and desires to have counsel appointed, the trial court is directed to either address Dettman's status as only standby counsel or otherwise appoint counsel for these appeals. If it is determined that LeBarron is indigent and is exercising his right to represent himself in these appeals, the trial court must develop evidence as to whether LeBarron's decision to proceed without counsel is knowingly and intelligently made. *See Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 783–86 (Tex. Crim. App. 1976).

We note that LeBarron need not appear in person at the hearing and that the trial court may permit him to appear via telephone. The trial court is directed to enter findings of fact and conclusions of law, if necessary, and to make any appropriate recommendations to this court.

The clerk of the trial court is directed to prepare and forward to this court a clerk's record containing any findings, recommendations, or orders of the trial court. If a hearing is held, the court reporter is directed to prepare and forward to this court the reporter's record from the hearing. The records are due to be filed in this court on or before November 9, 2020.

These appeals are abated.

PER CURIAM

October 8, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.