**Order filed July 1, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00101-CR
_____

**CHRISTOPHER LEE BEDFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 28606A**

## O R D E R

Christopher Lee Bedford was represented at trial by attorney David DeFoore. Bedford filed a pro se notice of appeal in which he requested a court-appointed attorney for the appeal. The district clerk's information sheet indicated that DeFoore had been appointed at trial; therefore, this court sent all notices to DeFoore. After failing to receive the docketing statement from DeFoore despite two late notices, the clerk of this court called DeFoore's office and was informed that DeFoore had been

retained for the trial but had not been retained for the appeal. The district clerk subsequently verified that DeFoore had not been appointed and that no attorney has been appointed to represent Bedford on appeal. We abate the appeal.

An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent the defendant in an appeal to this court. TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2020). Because Bedford has requested appellate counsel, we remand this cause to the trial court so that it may determine the following:

1. Whether Bedford desires to prosecute his appeal;

2. Whether Bedford is indigent;

3. If not indigent, whether Bedford has retained counsel for this appeal; and

4. If indigent, whether Bedford desires to have counsel appointed to represent him in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, Bedford competently and intelligently chooses to exercise the right to represent himself.

If it is determined that Bedford is indigent and desires to have counsel appointed, the trial court is directed to appoint counsel for this appeal. If it is determined that Bedford is indigent and is exercising his right to represent himself in this appeal, the trial court must develop evidence as to whether Bedford's decision to proceed without counsel is knowingly and intelligently made. *See Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 783–86 (Tex. Crim. App. 1976).

We note that Bedford need not appear in person at the hearing and that the trial court may permit him to appear via telephone or other electronic means. The trial court is directed to enter findings of fact and conclusions of law, if necessary, and to make any appropriate recommendations to this court.

The clerk of the trial court is directed to prepare and forward to this court a clerk's record containing any findings, recommendations, or orders of the trial court. If a hearing is held, the court reporter is directed to prepare and forward to this court the reporter's record from the hearing. The records are due to be filed in this court on or before August 2, 2021.

The appeal is abated.

PER CURIAM

July 1, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.