

# Fourth Court of Appeals
## San Antonio, Texas

November 12, 2014

No. 04-14-00555-CR

Robert **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 307125
Honorable Jason Pulliam, Judge Presiding

## O R D E R

On September 30, 2014, the presiding judge of County Court at Law No. 5 signed an order concluding that Appellant was not entitled to habeas corpus relief. The order was appealable.

Beginning with his pro se notice of appeal, Appellant has filed numerous documents with this court indicating he is an inmate, indigent, and representing himself on appeal. However, the clerk's record also contains a February 7, 2014 motion for appointment of counsel on appeal. The record does not show whether the trial court appointed appellate counsel or held a hearing to admonish Appellant before allowing him to represent himself.

Therefore, we ABATE this appeal and REMAND the cause to the trial court. *See Duncan v. State*, 653 S.W.2d 38, 40 (Tex. Crim. App. 1983) (authorizing appellate courts to abate appeals so the trial court can assure the appellant has effective assistance of counsel).

We ORDER the trial court to conduct a hearing, receive evidence as necessary, and make findings of fact and conclusions of law with respect to the following:

(1)     Is Appellant currently represented by counsel?

(2)     Is Appellant indigent?

(3)     If Appellant is indigent, does Appellant want court-appointed counsel?

If Appellant is entitled to, and requests, court-appointed counsel on appeal, the trial court shall appoint counsel to represent Appellant.

On the other hand, if Appellant desires to represent himself on appeal, he may do so provided he is fully admonished, he makes his decision knowingly and intelligently, and it is in his best interest to represent himself on appeal. *See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000) (recognizing that states may allow appellants to represent themselves in criminal appeals); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order) (refusing to allow an appellant to proceed pro se on appeal because it was not in his best interest). If Appellant seeks to proceed pro se, we ORDER the trial court to conduct a hearing as follows:

(1) fully admonish Appellant of the dangers and disadvantages of self-representation, *see Ex parte Davis*, 818 S.W.2d 64, 66–67 (Tex. Crim. App. 1991);

(2) "develop evidence as to whether [A]ppellant's apparent decision to relinquish benefits associated with counsel and proceed pro se is knowingly and intelligently made," *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987);

(3) develop evidence as to whether it would be in Appellant's best interest to proceed pro se on appeal; and

(4) make findings of fact and conclusions of law as to whether Appellant's decision to proceed pro se is knowingly and intelligently made and whether allowing Appellant to proceed pro se on appeal would be in his best interest.

We ORDER the trial court to hold the hearing and deliver written findings of fact and conclusions of law to the trial court clerk within THIRTY DAYS of the date of this order.

We ORDER the trial court clerk to file in this court, not later than FIFTEEN DAYS from the date it receives the trial court's findings of fact and conclusions of law, a supplemental clerk's record containing the court's written findings of fact and conclusions of law.

We ORDER the court reporter to make a record of the hearing and to file in this court, within FIFTEEN DAYS from the date of the hearing, a reporter's record of the hearing.

We ORDER the clerk of this court to deliver a copy of this order to the trial court, Appellant, all counsel, the trial court clerk, and the court reporter.

Appellant's motion for extension of time to file his brief is MOOT.

All other appellate deadlines are SUSPENDED pending further order of this court.


Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of November, 2014.



_____

Keith E. Hottle
Clerk of Court