

# Fourth Court of Appeals
## San Antonio, Texas

November 30, 2021

No. 04-21-00489-CR

The **STATE** of Texas,
Appellant

v.

Ruben **ELIZONDO**,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 657461
Honorable Melissa Vara, Judge Presiding

# O R D E R

Appellee Ruben Elizondo was charged with driving while intoxicated, second offense. Appellee retained Attorney Trey Porter to represent him at trial. Although the clerk's record has not been filed, it appears that Elizondo moved to dismiss the case, the trial court granted the motion, and the State is appealing.

Appellee's counsel asserts Appellee has not retained him for appeal, and trial counsel moved to withdraw. *See* TEX. R. APP. P. 6.5. Subsequently, trial counsel filed a notice of nonrepresentation. *See id.* R. 6.4(a).

We ABATE this appeal and REMAND the cause to the trial court. *See Duncan v. State*, 653 S.W.2d 38, 40 (Tex. Crim. App. 1983) (authorizing appellate courts to abate appeals so the trial court can assure "an indigent defendant [has] the effective assistance of counsel on appeal").

We ORDER the trial court to conduct a hearing, receive evidence as necessary, and make findings of fact and conclusions of law with respect to the following:

(1)    Is Appellee currently represented by appellate counsel?

(2)    Is Appellee indigent?

(3)    If Appellee is indigent, does Appellee want court-appointed appellate counsel?

If Appellee is entitled to, and requests, court-appointed counsel on appeal, the trial court shall appoint counsel to represent Appellee. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(d) ("An

eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in . . . an appeal to a court of appeals . . . .").

On the other hand, if Appellee is not indigent and desires to represent himself on appeal, he may do so provided he is fully admonished, he makes his decision knowingly and intelligently, and it is in his best interest to represent himself on appeal. *See Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000) (recognizing that states may allow defendants to represent themselves in criminal appeals); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order) (refusing to allow a defendant to proceed pro se on appeal because it was not in his best interest).

If Appellee is not entitled to court-appointed appellate counsel and elects to proceed pro se, we ORDER the trial court to conduct a hearing as follows:

(1)     fully admonish Appellee of the dangers and disadvantages of self-representation, *see Ex parte Davis*, 818 S.W.2d 64, 66–67 (Tex. Crim. App. 1991);

(2)     "develop evidence as to whether [Appellee's] apparent decision to relinquish benefits associated with counsel and proceed pro se is knowingly and intelligently made," *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987);

(3)     develop evidence as to whether it would be in Appellee's best interest to proceed pro se on appeal; and

(4)     make findings of fact and conclusions of law as to whether Appellee's decision to proceed pro se is knowingly and intelligently made and whether allowing Appellee to proceed pro se on appeal would be in his best interest.

We ORDER the trial court to hold the hearing and deliver written findings of fact and conclusions of law to the trial court clerk within THIRTY DAYS of the date of this order.

We ORDER the trial court clerk to file in this court, not later than FIFTEEN DAYS from the date it receives the trial court's findings of fact and conclusions of law, a supplemental clerk's record containing the court's written findings of fact and conclusions of law.

We ORDER the court reporter to make a record of the hearing and to file in this court, within FIFTEEN DAYS from the date of the hearing, a reporter's record of the hearing.

We direct the clerk of this court to deliver a copy of this order to the trial court, Appellee, all counsel, the trial court clerk, and the court reporter.

All other appellate deadlines are SUSPENDED pending further order of this court.

_Patricia O. Alvarez_
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 30th day of November, 2021.



MICHAEL A. CRUZ, Clerk of Court