**Order filed November 10, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00107-CR

_____

## KENNETH LASHON GREEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR38038**

### O R D E R

Appellant's court-appointed attorney of record, Raymond K. Fivecoat, has filed in this court a motion to withdraw as counsel for Appellant in this case. Fivecoat states in his motion to withdraw that he has received a pro se motion filed by Appellant in the district clerk's office. In the pro se motion, Appellant requests that Fivecoat be removed and that substitute counsel be appointed because of a conflict of interest and because Fivecoat previously rendered ineffective assistance of counsel. The record indicates that Fivecoat was previously appointed to represent

Appellant in the underlying cause but was permitted to withdraw as counsel for Appellant prior to trial. Fivecoat agrees that he and Appellant "do not see eye to eye" and believes that the interests of justice would be served by permitting Fivecoat to withdraw and by appointing new counsel to represent Appellant on appeal. We abate the appeal.

The trial court is requested to conduct a hearing to determine whether Fivecoat should be allowed to withdraw as counsel for Appellant in this appeal. We note that Appellant need not appear in person at the hearing and that the trial court may permit him to appear via telephone. If the trial court determines that Fivecoat should be allowed to withdraw as counsel for Appellant, the trial court is also requested to determine the following:

1. Whether Appellant desires to prosecute this appeal;

2. Whether Appellant is indigent;

3. If not indigent, whether Appellant has retained counsel for this appeal; and

4. If indigent, whether Appellant desires to have counsel appointed to represent him in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, Appellant competently and intelligently chooses to exercise the right to represent himself.

If it is determined that Appellant is indigent and is exercising his right to represent himself, the trial court must develop evidence as to whether Appellant's decision to proceed without counsel is knowingly and intelligently made. *See Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 783–86 (Tex. Crim. App. 1976).

If it is determined that Appellant is indigent, that he is not exercising his right of self-representation, and that Fivecoat should be permitted to withdraw as counsel, the trial court is directed to appoint new counsel to represent Appellant in this appeal.

2

The trial court is directed to enter findings of fact and conclusions of law and to make any appropriate recommendations to this court. The clerk of the trial court is directed to prepare and forward to this court a supplemental clerk's record containing the findings, recommendations, and any orders of the trial court. The court reporter is directed to prepare and forward to this court the reporter's record from the hearing. These records are due to be filed in this court on or before December 12, 2016.

This appeal is abated.

PER CURIAM

November 10, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.