**Order filed October 26, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00298-CR

_____

## JUAN MANUEL ALDAY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 16179**

### O R D E R

Juan Manuel Alday was represented by retained attorney R. Shay Isham at trial. Alday filed a pro se notice of appeal and request for the appointment of appellate counsel. Alday asserts that he is entitled to a court-appointed attorney pursuant to TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2016), which provides that an eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in an appeal to a court of appeals. We have received

correspondence from Isham in which he indicates that he will not be representing Alday in this appeal. We abate the appeal.

We remand the cause to the trial court so that it may determine the following:

1. Whether Alday desires to prosecute his appeal;

2. Whether Alday is indigent;

3. If not indigent, whether Alday has retained counsel for this appeal; and

4. If indigent, whether Alday desires to have counsel appointed to represent him in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, Alday competently and intelligently chooses to exercise the right to represent himself.

If it is determined that Alday is indigent and desires to have counsel appointed, the trial court is directed to appoint counsel for this appeal. If it is determined that Alday is indigent and is exercising his right to represent himself, the trial court must develop evidence as to whether Alday's decision to proceed without counsel is knowingly and intelligently made. *See Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); *Webb v. State*, 533 S.W.2d 780, 783–86 (Tex. Crim. App. 1976).

We note that Alday need not appear in person at the hearing and that the trial court may permit him to appear via telephone. The trial court is directed to enter findings of fact and conclusions of law, if necessary, and to make any appropriate recommendations to this court.

The clerk of the trial court is directed to prepare and forward to this court a clerk's record containing any findings, recommendations, or orders of the trial court. If a hearing is held, the court reporter is directed to prepare and forward to this court the reporter's record from the hearing. The records are due to be filed in this court on or before November 27, 2017.

The appeal is abated.

PER CURIAM

October 26, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.